**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CRIMINAL ACTION NO. 3:16-CR-00082-CHB-LLK**

**UNITED STATES OF AMERICA**                                                                **PLAINTIFF**

v.

**ISMAEL GONZALEZ, et al.**                                                                   **DEFENDANTS**

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

This matter is before the Court upon the motion of Defendant Ismael Gonzalez to suppress illegally seized evidence (Docket # 255), to which the United States has responded in opposition (Docket # 259). The Court referred the motion to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636. (Docket # 261).

At a telephonic status conference on October 1, 2018, the parties discussed the fact that the motion argues that the search exceeded the scope of the search warrant (Docket # 255) and that the response argues that Gonzalez lacks Fourth-Amendment standing to raise his argument (Docket # 259). The parties agreed that, if Gonzalez lacks standing, an evidentiary hearing on Gonzalez' motion is unnecessary. The parties further agreed that the best way to proceed would be to allow Gonzalez to file a supplemental brief in support of standing and allow the United States to respond. The supplemental briefs of Gonzalez and the United States on standing are at Dockets # 265 and 268.

For the reasons below, the RECOMMENDATION will be that the Court DENY Gonzalez' motion to suppress (Dockets # 255) because he lacks standing to challenge the search.

### Background facts and procedural history

Authorities obtained a warrant to search an auto repair shop located at 6309 Strawberry Lane in Louisville, Kentucky, which was the target of a drug-trafficking investigation. The warrant authorized search of the shop's building and grounds. Sitting outside a fenced-in area of the shop was a semi-tractor

trailer truck, which authorities also searched. It is unclear whether the truck was on the shop's premises. The search resulted in discovery of cocaine and heroin. The parties disagree as to whether the search exceeded the scope of the warrant.

It is, however, undisputed that Defendant Oscar Argueta owned the truck (through his company Argo Transport) and that Defendant Carlos Catalan leased the shop, which he operated, from a third party. Gonzalez alleges no proprietary interest in either the truck or the shop.

The United States argues that Gonzalez has no standing to argue that the search exceeded the scope of the warrant. However, in the event the Court finds the United States' position to be unpersuasive, the United States reserves the right to argue that the search did not exceed the scope of the warrant.

**Discussion**

This case is factually similar to *United States v. Douds*, No. 3:08-cr-094, 2009 WL 2168828 (S.D. Ohio July 21, 2009). In *Douds*, agents obtained a search warrant for 3132 Wexford Place and for a gold Intrepid believed to be there. While executing the warrant, agents observed, in addition to the gold Intrepid, a blue Oldsmobile. Agents searched the Oldsmobile and discovered incriminating evidence. Douds argued that the search of the Oldsmobile exceeded the scope of the warrant. The Court held that Douds lacked standing to challenge the search of the Oldsmobile because he failed to establish a legitimate expectation of privacy in the Oldsmobile.

In the context of automobile searches, the Sixth Circuit has held that a defendant moving to suppress evidence "must demonstrate that he personally had an expectation of privacy in the [auto] that society is prepared to consider reasonable." *United States v. Elmore*, 304 F.3d 557, 558, 561 (6th Cir. 2002). Generally, a defendant does not have standing to object to the search of a vehicle that he "did not own and in which he was neither the driver nor a passenger." *United States v. Luna–Santillanes*, No. 11-20492, 2012 WL 1019601, at *6 (E.D. Mich. March 26, 2012) (citing *Elmore*, 304 F.3d at 560-61); *see also*

2

*United States v. Baker*, 221 F.3d 438, 443 (3d Cir. 2000) (to support expectation of privacy in a vehicle, although outright ownership is not required, there must be "clear evidence of continuing possession and control, as well as no evidence that the driver obtained the car illegitimately").

Here, Gonzalez did not own the truck, have a legally-recognized propriety interest in the truck, or have any other legitimate possession or control over the truck. He did not operate the truck or otherwise have access to it. At best, he felt he had an interest in the truck because it was used as part of the criminal enterprise. Although he carries the burden of proof on the standing issue, *United States v. Mastromatteo*, 538 F.3d 535, 544 (6th Cir. 2008), Gonzalez offers no authority for the proposition that this is a legitimate expectation of privacy in the truck that society is prepared to consider reasonable.

Gonzalez argues that, prior to the search, the intercepted wiretaps would have given authorities reason to believe that, in fact, he <u>did</u> own the truck. In a recorded call, an unidentified male asked Gonzalez whether "[o]nce I turn [the truck] in[,] [there will be a] guarantee that the title is clean from you[?]" to which Gonzalez responded "[w]hat's mine is mine. It's mine. It's under my name." (Docket # 265, p. 1). Gonzalez offers no authority for the proposition that one may obtain a legitimate expectation of privacy in an item simply by misinforming others that he or she has a propriety interest in it.

The United States concedes that Argueta has standing to challenge the search of the truck, but he has not moved to suppress. (Docket # 268, p. 3). In multi-defendant cases (such as the present one), each defendant's standing is analyzed independently. *See United States v. Mastromatteo*, 538 F.3d at 544 (observing that "[a] defendant's standing is determined independently from his co-defendant's standing with regard to the same items and places that are searched").

**RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge RECOMMENDS that the Court DENY Gonzalez' motion to suppress (Dockets # 255, 266) because he lacks standing to challenge the search.

October 22, 2018

Lanny King, Magistrate Judge
United States District Court

**NOTICE**

Under the provisions of 28 U.S.C. §§ 636(b)(l)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

October 22, 2018

Lanny King, Magistrate Judge
United States District Court